Stephen K. Christiansen (6512)
Kathleen M. Liuzzi (7924)
CHRISTIANSEN LAW, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111
Telephone: 801.716.7016
Facsimile: 801.716.7017
steve@skclawfirm.com
kathe@skclawfirm.com
*Attorneys for Plaintiffs*

### IN THE THIRD JUDICIAL DISTRICT COURT
### STATE OF UTAH SALT LAKE COUNTY

| | |
|---|---|
| GLADYS STIRN INC. dba CITY CREEK FURNITURE, BC1 LLC, and ROBERT CARTER,<br><br>Plaintiffs,<br><br>vs.<br><br>MUTUAL OF ENUMCLAW INSURANCE COMPANY,<br><br>Defendant. | **COMPLAINT**<br>**(Tier 3)**<br><br>Case No. _____<br>Judge_____ |

Gladys Stirn Inc. dba City Creek Furniture, BC1 LLC, and Robert Carter ("Plaintiffs") complain against Mutual of Enumclaw ("Defendant") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Gladys Stirn Inc. dba City Creek Furniture ("Stirn") is a Utah corporation with its principal place of business in Salt Lake County.

2. Plaintiff BC1 LLC ("BC1") is a Utah limited liability company with its principal place of business in Salt Lake County.

3. Plaintiff Robert Carter ("Carter") is an individual residing in Salt Lake County. Carter is Stirn's sole owner and BC1's sole owner.

4. Defendant Mutual of Enumclaw Insurance Company ("MOE") is a mutual insurance company headquartered in Washington and licensed to write and conduct business in the State of Utah by the Department of Insurance.

5. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

6. On or about February 17, 2018, Plaintiffs and Defendant entered into an agreement whereby MOE issued Businessowner's Insurance Policy No. BOP 0015417 01 to Stirn, agreeing to provide insurance to Stirn and BC1 for its dba, City Creek, located at 3777 S. Highway 92, Sierra Vista, Arizona. City Creek consists of two buildings: a furniture store and a warehouse. BC1 owns both the building and warehouse which houses City Creek.

7. On July 19, 2018, a microburst severely damaged the roof of the building where City Creek is located.

8. Thereafter, Carter notified MOE about the damaged roof and MOE arranged for the roof to be covered with a tarp until it could be permanently repaired.

9. Accompanying the microburst was rain, and it continued to rain several days after the roof was damaged.

10. Also damaged by the microburst were the HVAC units on the roofs of both buildings.

11. The structural engineer hired by MOE to examine the roof and buildings told Carter that not only did the roof need to be replaced but the building itself should be demolished and rebuilt. MOE has done neither.

12. Plaintiffs submitted a claim to Defendant pursuant to the Policy for the losses incurred to City Creek as a result of the wind damage and subsequent rain.

13. Those losses include, but are not limited to, damage to the building structure and fixtures; loss of tools and supplies, inventory, business personal property; and business interruption.

14. Additional losses include Plaintiffs' out-of-pocket costs expended for cleanup and some repairs when Defendant failed to honor the provisions of the Policy.

15. The losses continue to this day because MOE failed to diligently investigate the facts, fairly evaluate the claim, and act promptly and reasonably to reject or settle the claim.

16. MOE acted intentionally and deliberately with full awareness that it was not treating Plaintiffs fairly and in accordance with the terms of the Policy.

17. Two years later, City Creek has not been able to get back to normal operations and efficiency because it has not had the full use of its own building due to Defendant's failure to abide by the terms of the Policy.

## **FIRST CAUSE OF ACTION**
**(Breach of Contract)**

18. Plaintiffs incorporate by reference the previous paragraphs as if set forth below.

19. As described above, Plaintiffs entered into one or more valid contracts with Defendant for insurance coverage for City Creek Furniture.

20. Defendant has breached its contractual obligation to Plaintiffs by failing to pay all the benefits due to Plaintiffs under the Policy.

21. As a result of Defendant's material breach of its contractual obligations, Plaintiffs have been damaged in an amount to be proven at trial which exceeds $300,000.

22. Such damages include, but are not necessarily limited to, at least the benefit of the contractual bargains; lost inventory, furniture, fixtures, and equipment; cleanup and incidental

costs; services and expenses for flood remediation; agreed charges for unpaid amounts on the contracts covering the same; business interruption (including lost gross profit margin); lost goodwill; lost opportunity cost; lost personal income to Carter; lost earning potential; and prejudgment interest.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

23. Plaintiffs incorporate by reference the previous paragraphs as if set forth below.

24. The Contract contains an implied promise that the parties would deal with each other fairly and in good faith. This means that Defendant promises not to intentionally do anything to injure Plaintiffs' right to receive the benefit of their bargain with Defendant.

25. Defendant's actions are inconsistent with the agreed common purpose and Plaintiffs' justified expectations of Defendant in light of the Contract language, and the dealings between, and the conduct of, the parties.

26. By its conduct, Defendant breached the implied covenant of good faith and fair dealing by failing to diligently investigate the facts, fairly evaluate the claim, and act promptly and reasonably to reject or settle the claim.

27. Defendant did not exercise reasonable care and good faith in dealing with Plaintiffs.

28. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial which exceeds $300,000.

## THIRD CAUSE OF ACTION
### (Bad Faith)

29. Plaintiffs incorporate by reference the previous paragraphs as if set forth below.

30. Defendant acted unreasonably toward Plaintiffs with the knowledge that it was acting unreasonably or acted with such reckless disregard that such knowledge may be imputed to Defendant.

31. As a result of Defendant's bad faith actions, Plaintiffs have been damaged in an amount to be proven at trial which exceeds $300,000.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment)

32. Plaintiffs incorporate by reference the previous paragraphs as if set forth below.

33. An actual controversy has risen among the parties.

34. Plaintiffs seek a judicial declaration, pursuant to Utah Code Ann. § 78B-6-401, with respect to the parties' respective contentions. Specifically, Plaintiffs seek a declaration construing the Contract and all other relevant writings between the parties related to the subject matter of this case, which determines the parties' respective rights and responsibilities.

35. Plaintiffs further seek a judicial declaration construing any other agreements, documents, or relevant law that may be related to the principal determinations to be made and other allegations set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant as follows:

1. Compensatory damages in an amount to be proven at trial.

2. Declaratory relief as requested herein.

3. Interest as allowed by law, including prejudgment interest.

4. Attorney fees and costs as may be allowed by law.

5.  Such other and further relief as the Court deems just and equitable under the circumstances.

DATED July 16, 2020.

CHRISTIANSEN LAW, PLLC

   */s/ Kathleen M. Liuzzi*
Stephen K. Christiansen
Kathleen M. Liuzzi
*Attorneys for Plaintiffs*

**Plaintiffs' Address:**
c/o Christiansen Law, PLLC
311 South State Street, Ste. 250
Salt Lake City, Utah 84111